UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARLOS VALLE GUERRA, RENE VALLE
GUERRA and DANIEL VALLE, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

      -against-

KODRA CONTRACTING CORP., KODRA
CONSTRUCTION CORP., SOKOL KODRA,
BARDHOK KODRA, and MIRJANE KODRA,

                    Defendants.
-------------------------------------------------------------------X

**No: 24 Civ. 6358**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Carlos Valle Guerra, Rene Valle Guerra, and Daniel Valle (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of Defendants Kodra Contracting Corp., Kodra Construction Corp. (together, "Kodra Construction" or the "Corporate Defendants"), Sokol Kodra, Bardhok Kodra, and Mirjane Kodra (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1. While employed as construction workers at Kodra Construction, Plaintiffs regularly worked more than forty hours per workweek but were paid at the same hourly wage rate for all hours worked, including those over forty. In addition to denying Plaintiffs their overtime wages due, Defendants also failed to furnish Plaintiffs with wage notices at the time of hiring and compliant wage statements at the end of each pay period.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated construction workers (the "Construction Workers") to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"),

the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred primarily in the Bronx, within this District.

## THE PARTIES

**Plaintiff Carlos Valle Guerra**

5. Carlos Valle Guerra resides in the Bronx, New York.

6. Carlos worked for Kodra Construction as a construction worker from approximately late 2020 to April 2023.

**Plaintiff Rene Valle Guerra**

7. Rene Valle Guerra resides in the Bronx, New York.

8. Rene worked for Kodra Construction as a construction worker from approximately April 2022 to August 2023.

**Plaintiff Daniel Valle**

9. Daniel Valle resides in the Bronx, New York.

10. Daniel worked for Kodra Construction as a construction worker from approximately the start of 2019 to August 2023.

2

**Defendant Kodra Contracting Corp.**

11. Defendant Kodra Contracting Corp. is a New York corporation located at 1340 Siegried Place, Bronx, New York 10465.

12. Kodra Contracting Corp. provides commercial masonry and general construction services throughout the New York metropolitan area, including brick and concrete work, maintenance, and repairs.

13. Kodra Contracting Corp. is an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Kodra Contracting Corp. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

15. In each of the three years preceding the filing of this Complaint, Kodra Contracting Corp.'s annual gross volume of sales, individually and collectively with Kodra Construction Corp., exceeded $500,000.

**Defendant Kodra Construction Corp.**

16. Defendant Kodra Construction Corp. is a New York corporation located at 1340 Siegried Place, Bronx, New York 10465.

17. Kodra Construction Corp. provides commercial masonry and general construction services throughout the New York metropolitan area, including brick and concrete work, maintenance, and repairs.

18. Kodra Construction Corp. is an "enterprise engaged in commerce" within the meaning of the FLSA.

19. Kodra Construction Corp. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise

working on goods or materials that have been moved in or produced for interstate commerce by any person.

20. In each of the three years preceding the filing of this Complaint, Kodra Construction Corp.'s annual gross volume of sales, individually and collectively with Kodra Contracting Corp., exceeded $500,000.

**Defendants Kodra Construction Corp. and Kodra Contracting Corp.**

21. Throughout the six years and 228 days before the filing of this Complaint (the "Liability Period"), the Corporate Defendants have had unified operations and done business as "Kodra Construction" and "Kodra Contracting."

22. During the Liability Period, the Corporate Defendants have shared an office at 1340 Siegfried Place, Bronx, New York 10465.

23. During the Liability Period, the Corporate Defendants have shared administrative and office staff.

24. Upon information and belief, throughout the Liability Period, the Corporate Defendants have worked with and served the same clients on the same construction worksites using the same Construction Workers.

25. Defendants Mirjane Kodra, Bardhok Kodra, and Sokol Kodra have served as owners and operators of the Corporate Defendants throughout the Liability Period.

26. Plaintiffs worked for and received their wage payments from both Corporate Defendants for work performed on the same worksites, with checks from Kodra Contracting Corp. signed by Mirjane Kodra and checks from Kodra Construction Corp. signed by Bardhok Kodra.

27. Upon information and belief, Mirjane Kodra and Bardhok Kodra jointly own real property, including the land located at 1340 Siegfried Place, Bronx, New York 10465.

4

28. Mirjane Kodra and Bardhok Kodra reside at 1340 Siegfried Place, Bronx, New York 10465.

**Defendant Sokol Kodra**

29. Defendant Sokol Kodra is an operator of Kodra Construction.

30. Throughout Plaintiffs' employment, Sokol was regularly present at worksites. For example, Sokol distributed employees' wages on Saturdays.

31. Sokol authorized the hiring and firing of Kodra Construction employees. For example, Sokol hired Carlos, Rene, and Daniel.

32. Sokol determined the wage rates of Kodra Construction employees, including the wage rates of Plaintiffs. For example, employees would speak to Sokol whenever they wanted an increase in wages.

33. Sokol determined the schedules of Kodra Construction employees, including Plaintiffs' schedules. For example, Construction Workers, including Plaintiffs, contacted Sokol to request days off.

34. Sokol exercised sufficient control over the operations of Kodra Construction to be considered Plaintiffs' employer under the FLSA and NYLL.

**Defendant Bardhok Kodra**

35. Throughout the Liability Period, Defendant Bardhok Kodra has been an owner and the Chief Executive Officer of Kodra Construction Corp.

36. Throughout Plaintiffs' employment periods, Bardhok Kodra signed Plaintiffs' paychecks on behalf of Kodra Construction Corp.

37. Upon information and belief, throughout the Liability Period, Bardhok Kodra had the power to hire and fire Construction Workers from Kodra Construction, including Plaintiffs.

38. Upon information and belief, during the same period, Bardhok Kodra, along with Mirjane Kodra and Sokol Kodra, chose to pay Plaintiffs and other Construction Workers at the same hourly wage rate for all hours worked, including for hours worked over forty per workweek.

39. Upon information and belief, during the same period, Bardhok Kodra chose not to issue Plaintiffs and other Construction Workers wage notices and wage statements, in violation of NYLL §§ 195(1) and 195(3), as part of a greater scheme to avoid furnishing them with records establishing that Defendants did not pay them overtime wages due.

40. Upon information and belief, during the same period, Bardhok Kodra, along with Mirjane Kodra and Sokol Kodra, required Construction Workers, including Plaintiffs, to work more than forty hours per workweek.

41. Bardhok Kodra exercised sufficient control over the operations of Kodra Construction to be considered Plaintiffs' employer under the FLSA and NYLL.

**Defendant Mirjane Kodra**

42. Throughout the Liability Period, Defendant Mirjane Kodra has been an owner and the Chief Executive Officer of Kodra Contracting Corp.

43. Throughout Plaintiffs' employment periods, Mirjane Kodra signed Plaintiffs' paychecks on behalf of Kodra Contracting Corp.

44. Upon information and belief, during the Liability Period, Mirjane Kodra had the power to hire and fire Construction Workers from Kodra Construction, including Plaintiffs.

45. Upon information and belief, during the same period, Mirjane Kodra, along with Bardhok Kodra and Sokol Kodra, chose to pay Plaintiffs and other Construction Workers at the same hourly wage rate for all hours worked, including for hours worked over forty per workweek.

46. Upon information and belief, during the same period, Mirjane Kodra chose not to issue Plaintiffs and other Construction Workers wage notices and wage statements, in violation of NYLL §§ 195(1) and 195(3), as part of a greater scheme to avoid furnishing them with information proving that Defendants did not pay them overtime wages due.

47. Upon information and belief, during the same period, Mirjane Kodra, along with Bardhok Kodra and Sokol Kodra, required Construction Workers, including Plaintiffs, to work more than forty hours per workweek.

48. Mirjane Kodra exercised sufficient control over the operations of Kodra Construction to be considered Plaintiffs' employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

49. Throughout the Liability Period, Plaintiffs and other Construction Workers performed construction and renovation work, especially masonry work involving bricks and cement blocks.

50. Throughout their employment periods at Kodra Construction, Plaintiffs and other Construction Workers typically worked approximately 42.5 to 50.5 hours per workweek, Monday through Friday from 7:30 a.m. to approximately 4:30 p.m., and occasionally Saturday from 8:00 a.m. to approximately 4:30 p.m., with a 30-minute break per workday. However, at different points throughout their employment periods, Plaintiffs and other construction workers worked longer shifts.

51. Defendants failed to furnish Plaintiffs and other Construction Workers with wage statements with each payment of their wages throughout their employment.

52. Defendants failed to furnish Plaintiffs and other Construction Workers with wage notices at the time of their hiring.

**Carlos Valle Guerra's Wages Paid and Hours Worked**

53. From approximately late 2020 to March 2022, Defendants paid Carlos Valle Guerra $16 per hour for all hours worked, including for hours worked over forty per workweek.

54. For example, for the workweek ending March 5, 2022, Defendants paid Carlos Valle Guerra gross wages of $848, equal to $16 per hour for fifty-three (53) hours worked.

55. From approximately April 2022 through the end of his employment, Defendants typically paid Carlos Valle Guerra $17 per hour for all hours worked, including for hours worked over forty per workweek.

56. For example, for the workweek ending July 16, 2022, Defendants paid Carlos Valle Guerra gross wages of $901, equal to $17 per hour for fifty-three (53) hours worked.

**Rene Valle Guerra's Wages Paid and Hours Worked**

57. From approximately April 2022 through mid-July 2022, Defendants paid Rene Valle Guerra $16 per hour for all hours worked, including for hours worked over forty per workweek.

58. For example, for the workweek ending July 16, 2022, Defendants paid Rene Valle Guerra gross wages of $720, equal to $16 per hour for forty-five (45) hours worked.

59. For the rest of his employment, until approximately August 2023, Defendants typically paid Rene Valle Guerra $17 per hour for all hours worked, including for hours worked over forty per workweek.

**Daniel Valle's Wages Paid**

60. From approximately 2019 to 2020, Defendants paid Valle $16 per hour for all hours worked, including for hours worked over forty per workweek.

61. From approximately January to November 2020, Defendants paid Valle $17 per hour for all hours worked, including for hours worked over forty per workweek.

62. For example, for the workweek ending January 11, 2020, Defendants paid Valle $901 in gross wages, equal to $17 per hour for fifty-three (53) hours worked.

63. From approximately mid-November 2020 to the February 2022, Defendants paid Valle $18 per hour for all hours worked, including for hours worked over forty per workweek.

64. For example, for the workweek ending November 20, 2021, Defendants paid Valle $954 in gross wages, equal to $18 per hour for fifty-three (53) hours worked.

65. From approximately February 2022 to mid-July 2022, Defendants paid Valle $19 per hour for all hours worked, including for hours worked over forty per workweek.

66. For example, for the workweek ending July 16, 2022, Defendants paid Valle $1,007 in gross wages, equal to $19 per hour for fifty-three (53) hours worked.

67. From approximately middle of 2022 to August 2023, Defendants typically paid Valle $20 per hour for all hours worked, including for hours worked over forty per workweek.

**COLLECTIVE ACTION ALLEGATIONS**

68. Plaintiffs bring this action on behalf of themselves and all similarly situated Construction Workers who worked at Kodra Construction within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

69. The FLSA Collective consists of over forty Construction Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

70. Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have regularly worked more than forty hours per workweek, have performed virtually

9

the same work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

71. Defendants are aware or should have been aware that the FLSA required them to pay Construction Workers an overtime premium for hours worked in excess of forty per workweek.

72. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

73. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Construction Workers can be readily identified and located through Defendants' records. The similarly situated Construction Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

74. Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated Construction Workers who work or have worked for Kodra Construction within the Liability Period (the "Rule 23 Class").

75. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

76. The size of the Rule 23 Class exceeds forty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

77. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

78. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

   a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

   b. whether Defendants failed to pay Construction Workers at the correct overtime rate for all time worked in excess of forty hours per week;

   c. whether Defendants failed to provide Construction Workers with accurate wage statements as required by the NYLL and WTPA;

   d. whether Defendants failed to provide Construction Workers with wage notices as required by the NYLL and WTPA; and

   e. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

79. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants at various times within the Liability Period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

80. Plaintiffs and the Rule 23 Class have all been injured in that they have been undercompensated due to Defendants' common policies, practices, and patterns of conduct.

81. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

82. Plaintiffs have retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

83. There is no conflict between Plaintiffs and the Rule 23 Class members.

84. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

85. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime)**

86. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

87. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

88. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 206(a) and employed Plaintiffs and the FLSA Collective.

89. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

90. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

91. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (NYLL – Unpaid Overtime)

92. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

93. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

94. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Plaintiffs and the Rule 23 Class.

95. Defendants failed to pay Plaintiffs and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked in excess of forty per workweek.

96. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

97. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
### (NYLL – Failure to Provide Accurate Wage Statements)

98. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

99. The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

100. Defendants' failure to comply with NYLL § 195(3) goes beyond technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiffs and the Rule 23 Class's overtime wages due.

101. As part of their general practice and policy, Defendants paid Plaintiffs and the Rule 23 Class with checks that did not reflect their hours worked per workweek and regular and overtime wage rates due, thereby preventing Plaintiffs and the Rule 23 Class from knowing whether they received all pay at the correct wage rates due for all hours worked per workweek. Defendants did this on purpose to conceal from Plaintiffs and the Rule 23 Class that they were supposed to receive one and one-half times their regular hourly wage rate per hour worked over forty per workweek. Had Defendants complied with the requirements of NYLL § 195(3), Plaintiffs and the Rule 23 Class would have known that they were supposed to receive, and would have received, one and one-half times their regular rate per overtime hour worked.

102. By concealing this information, Defendants avoided paying Plaintiffs and the Rule 23 Class their overtime wages due per workweek as alleged in this Complaint.

103. Furthermore, by paying their wages using handwritten checks that failed to deduct and report required withholdings, Defendants injured Plaintiffs and the Rule

14

23 Class by failing to pay employer-side payroll taxes, including FICA and social security. This concretely harmed Plaintiffs and the Rule 23 Class because Defendants' failure to comply with the requirements of NYLL § 195(3) will, among other things, reduce their entitlement to future social security benefits.

104.   As a result of Defendants' violations of NYLL § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL.

## FOURTH CLAIM
### (NYLL – Failure to Provide Accurate Wage Notices)

105.   Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

106.   The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

107.   Defendants failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

108.   Defendants' failure to comply with NYLL § 195(1) goes beyond mere technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiffs and the Rule 23 Class their overtime wages due.

109. As part of their general practice and policy, Defendants did not provide Plaintiffs and the Rule 23 Class with any notice whatsoever, let alone the wage notice required under NYLL § 195(1), upon hire or when their pay rates changed. Defendants did this to conceal from Plaintiffs and the Rule 23 Class the regular and overtime rates they should have received. Had Plaintiffs and the Rule 23 Class received this information, they would have known that they had to receive pay of one and one-half times their regular wage rate for hours worked over forty per workweek, which would have allowed them to complain about Defendants' wage payment failures alleged here.

110. By concealing this information, Defendants avoided informing Plaintiffs and the Rule 23 Class of their legal rights and thereby avoided paying them their overtime wages due per workweek as alleged in this Complaint.

111. As a result of Defendants' violations of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described herein, designate Plaintiffs as class representatives, and designate Plaintiffs' counsel as Class Counsel;

b. certify this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   c.  declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

   d.  declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

   e.  declare that Defendants' violations of the FLSA and NYLL were willful;

   f.  award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

   g.  award Plaintiffs and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notices upon hiring and accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

   h.  award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

   i.  award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NYLL;

   j.  award Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

   k.  award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:  New York, New York
        August 22, 2024

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

*Attorneys for Plaintiffs, the Putative FLSA Collective, and Putative Rule 23 Class*