UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
CARLOS VALLE GUERRA et al.,                          :
:
                              Plaintiffs,             :
:                           24-CV-6358 (JMF)
              -v-                                     :
:                               ORDER
KODRA CONSTRUCTION CORP. et al.,                     :
:
                              Defendants.             :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court has been advised by Magistrate Judge Stewart D. Aaron that the parties in this
action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,
have reached a settlement in principle.  Under the FLSA, an employer who violates the
requirement that overtime wages be paid must pay both the unpaid overtime compensation and
an additional equal amount as liquidated damages.  *See id.* § 216(b).  In the event of a settlement
and dismissal under Rule 41 of the Federal Rules of Civil Procedure, the settlement — including
any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair.
*See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that
"stipulated dismissals settling FLSA claims with prejudice require the approval of the district
court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36
(S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and
reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's
fee award).[1]

       Accordingly, it is hereby ORDERED that, on or before **December 9, 2024**, the parties
must submit the settlement agreement to the Court along with a joint letter explaining the basis
for the proposed settlement and why, if parties contemplate dismissal under Rule 41, it should be
approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*.  *See*
*Wolinsky*, 900 F. Supp. 2d at 335-36.  The letter should also address, if applicable, any incentive
payments to the plaintiffs and any attorney's fee award to plaintiffs' counsel (with
documentation to support the latter, if appropriate).

       The parties are reminded that, now that they have reached a settlement, they have the
option to consent to proceed for all purposes before the assigned Magistrate Judge (the
appropriate form for which is available at http://nysd.uscourts.gov/node/754), in which case the

---

[1]     Judicial approval is not required for a settlement of FLSA claims by way of a Rule 68(a)
offer of judgment.  *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

assigned Magistrate Judge would decide whether to approve the settlement. If all parties consent to proceed before the assigned Magistrate Judge, they should file a fully executed version of the consent form on the docket on or before **the date set forth above**.

In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

SO ORDERED.

Dated: November 25, 2024
      New York, New York

JESSE M. FURMAN
United States District Judge